## Steinman & Co. *versus* Henderson and Wife.

1. It is essential to the validity of a mechanic's lien against the separate estate of a married woman that the claim should set forth that the work was done and the materials were furnished with her authority and consent. Her husband cannot bind her separate estate, even for necessary repairs, unless by her authority.

2. All the facts necessary to create a valid lien must be set forth in the claim.

3. Where suit is properly brought against a married woman on a claim for which, upon its face, she or her separate estate is prima facie liable, the plaintiff is entitled to judgment for non-compliance with the rules of court, as though she were a feme sole.

4. Where the material averment in a mechanic's claim, that the debt was contracted by the wife, is traversed by the joint affidavit of the husband and wife, this allegation constitutes on its face a good defence and the case should be sent to a jury.

May 5th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. SHARSWOOD, C. J., and GREEN, J., absent.

Error to the Court of Common Pleas of *Lancaster county :* Of May Term 1880, No. 185.

Scire facias sur mechanic's lien by George Steinman and others, trading as George M. Steinman & Co., against James B. Henderson and Rebecca, his wife, owners or reputed owners. The defendants pleaded no lien and payment.

The following opinion of the court below, Patterson, A. L. J., together with the facts set forth in the opinion of this court, sufficiently state the case :

" The plaintiffs filed a mechanic's lien in this court against the defendants. A sci. fa. issued on the same, and the defendants filed their affidavit of defence. Then plaintiffs obtained a rule on defendants to show cause why judgment should not be entered for want of sufficient affidavit of defence.

" The defendants are husband and wife. The lien filed is for lumber and other materials furnished by plaintiffs, in and about the erection of a building, in and upon the wife's real estate. The lien itself seems to possess all the qualities and formalities required in the case of married women. But just here the affidavit of defence, put in by both husband and wife, says, ' that they have a defence in the above suit, in that the said Rebecca Henderson never contracted for the articles specified in the bill of particu-

[Steinman *v.* Henderson.]

lars filed—and alleged by plaintiffs to have been furnished by them—and the said James B. Henderson and Rebecca Henderson further say, that the charges, or some of them, are in excess of what the plaintiffs agreed with the said James B. Henderson to furnish for to him.' We are forced to think that said plea is sufficient to prevent judgment and send the case before a jury. It raises a distinct question of fact, and in the Act of 11th of April 1848, securing to married women the control of their separate property, the proviso of sect. 8 says : 'That judgment shall not be rendered against the wife in such joint action,'—that is, against husband and wife jointly—'unless it shall have been proved that the debt sued for in such action was contracted by the wife,' &c. It seems that the debt must be contracted by the wife herself, or in her name, by any person authorized so to do. The statute secures to the wife that plea and exempts her estate from liability until proven. We can find no exception in the books other than suits on mortgages, and none as to mechanics' liens. We are of opinion, therefore, that the affidavit of defence is sufficient to prevent judgment, and the rule must be discharged."

This action of the court was assigned for error by Steinman & Co., who took this writ.

*H. M. North,* for plaintiffs in error.—A default may be entered against a married woman as a defendant. A judgment for want of affidavit of defence is for default, and if it cannot be entered against her she might escape judgment by refusing to appear or plead. If it should ever be decided that judgment for want of an affidavit of defence cannot be entered against her, it certainly would be limited to cases in which an effort is made to charge her personally, and not in a proceeding *in rem* where she is only required to be named to show who is the owner of the property.

The court admits the lien to be in proper form, and the defendants do not deny that the materials were furnished as stated in the lien, with the wife's knowledge and consent, and were actually used in improving her separate real estate, and useful and necessary for the enjoyment of the same. The lien is perfect in form and meets the requirements of the latest decisions, and the wife's denial that she contracted for the materials is no defence, for the property is liable for the materials furnished to the husband as builder or contractor.

*J. Hay Brown,* for defendants in error.—The argument of the plaintiffs in error is based upon the assumption that the court below discharged the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence because judgment cannot be entered against a married woman by default. That question was not before the court below. The question was as to the

[Steinman v. Henderson.]

sufficiency of the affidavit of defence filed, and the court discharged the rule for judgment because the affidavit was sufficient.

When the object is to charge the real estate of the wife with a lien, all the requirements of the Act of 1848 must be complied with. There can be no such presumption against her as arises against one *sui juris:* Shannon v. Shultz, 6 Norris 481; Loomis v. Fry, 10 Norris 396.

The affidavit denied that the wife ever contracted for the articles specified in the bill of particulars, and the Act of 1848 provides that judgment shall not be rendered against her unless it be proved that she did contract. There is no proof here

Mr. Justice STERRETT delivered the opinion of the court, May 17th 1880.

It is essential to the validity of a mechanic's lien against the separate estate of a married woman that the claim should set forth, among other things, that the work was done and the materials were furnished with her authority and consent; in other words, that she, or some one authorized by her, contracted therefor. Her property is not subject to a lien for work done or materials furnished under a contract with her husband, unless it is made by her authority; nor can he, by any act of his, encumber her real estate without her consent, even for the purpose of making necessary repairs. All the facts necessary to create a lien against her separate estate must be distinctly averred in the claim: Dearie et ux. v. Martin, 28 P. F. Smith 55; Lloyd v. Hibbs, 31 Id. 306; Schrifer v. Saum et al., Id. 385. The claim in this case appears to have been carefully drawn, and contains all the averments necessary to constitute a valid lien. After setting forth, in due form, the nature of the claim, the kind and amount of materials furnished, work done, &c., it is averred that " the said work was done and the said materials were furnished with the knowledge and consent, and at the request and with the authority, of said Rebecca Henderson, wife of the said James B. Henderson, for the purpose of, and were actually used in, repairing her separate real estate, and were useful and necessary for the enjoyment of her separate real estate, and the debt was contracted by the said Rebecca Henderson."

We have not been furnished with the affidavit of claim, but assuming, as was done in the court below and here, that it was in due form, the plaintiffs were entitled to judgment, unless the affidavit of the defendants, assuming the facts therein to be true, disclosed a valid defence. When suit is properly brought against a married woman on a claim for which, upon its face, she or her separate estate is prima facie liable, the plaintiff is entitled to judgment, for non-compliance with the rules of court, as though she were a *feme sole.* As to appearance, rules to plead, affidavits of defence, &c., she has the same rights, and is subject to the same

[Steinman *v.* Henderson.]

duties and penalties, as others who defend in their own right and not in a representative capacity.

In the joint affidavit filed by Mr. and Mrs. Henderson it is averred that they have a defence "in that the said Rebecca Henderson never contracted for the articles specified in the bill of particulars filed, and alleged by the plaintiffs to have been furnished by them," and further "that the charges, or some of them, are in excess of what the plaintiffs agreed with the said James B. Henderson to furnish them for to him—all of which they verily expect to prove." Thus, the material averment in the claim, that the debt was contracted by Mrs. Henderson, is not only traversed by the defendants, but this positive denial is followed by averments the substance of which is that the plaintiffs agreed with the husband to furnish to him the articles mentioned in the bill of particulars, and that some of their charges are in excess of what they agreed to furnish them for. The affidavit of defence is not fairly susceptible of any other meaning; and, assuming as we must, for the present purpose, that these allegations are true, they constitute a good defence to the plaintiffs' claim, and necessarily send the case to a jury, whose province it will be to determine the disputed questions of fact. If the plaintiffs fail to show that the work and materials were contracted for by Mrs. Henderson, or by some one having authority from her to do so, they cannot recover.

The order of court discharging the rule for judgment is affirmed.